IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MAUREEN LONG (01),<br>d/b/a CAMELOT CANCER CARE, INC.,<br><br>    Defendant. | Case No. 14-cr-40151-01-DDC |

## MEMORANDUM AND ORDER

The court denies defendant Maureen Long's Motion to Reconsider Defendant's Disentitlement and Motion for Appointment of Defense Counsel (Doc. 48) without prejudice. Ms. Long, or someone purporting to be her, has filed this motion pro se.

Ms. Long's motion first states that she "protests to the court that she is not receiving notice/service either electronically or by mail to her registered address, and is thus unable to determine or verify case status." Doc. 48 at 1. The court does not understand this statement. Ms. Long does not have an address registered with the court. Ms. Long has not appeared in this judicial district to face the criminal charges against her. In other filings she has made, Ms. Long has contended that she was out of the country when she was indicted and that the government since has revoked her passport. She claims that she cannot return to the United States without the assistance of counsel. So, since she has not appeared in this case, Ms. Long has not registered an address with the court to receive filings in this case. However, Ms. Long has counsel representing her in this case. Brian Leininger entered his appearance when he filed a motion for another lawyer to appear pro hac vice. *See* Doc. 4. Although the other lawyer since

1

has withdrawn from his representation (*see* Docs. 32, 46, 47), Mr. Leininger still appears as attorney of record and is receiving the case's filings at his registered address.

Ms. Long's motion next makes two requests: (1) Ms. Long asks the court to reconsider its decision to apply the fugitive disentitlement doctrine to this case; and (2) Ms. Long moves the court to appoint the Washington D.C. law firm of Emard & Associates and Brian Leininger to serve as her defense counsel. The court denies both requests without prejudice.

The court, in its discretion, has applied the fugitive disentitlement doctrine to various requests made by Ms. Long because deciding certain issues when Ms. Long has not appeared, and thus is not subject to judgment, "presents a 'danger [in that] the court . . . will waste time rendering a judgment unenforceable in practice.'" Doc. 38 at 2 (first quoting *Degen v. United States*, 517 U.S. 820, 825 (1996); then citing *Niemi v. Lasshofer*, 728 F.3d 1252, 1255 (10th Cir. 2013)). The court denies Ms. Long's request that the court reconsider its decision to apply the fugitive disentitlement doctrine for three reasons. First, her request for reconsideration is untimely under D. Kan. Rule 7.3(b), which requires a movant to file a motion for reconsideration within 14 days of the order. Second, Ms. Long's motion fails to demonstrate any of the grounds for granting reconsideration (*i.e.*, an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice). Finally, the fugitive disentitlement doctrine continues to apply to Ms. Long's requests because she still has not appeared in this judicial district to face the criminal charges filed against her.

The court also denies Ms. Long's request for appointed counsel. Ms. Long previously filed a motion seeking appointment of counsel. Doc. 39. The court denied that motion without prejudice. Doc. 41. The court, in its discretion, applied the fugitive disentitlement doctrine and denied Ms. Long's request for appointment of counsel because she had not appeared. The court

explained that Ms. Long may renew her request once she is arrested or otherwise appears in this case.  This has not happened.  Ms. Long presents no basis for reconsidering this decision, and the court again denies Ms. Long's request for appointment of counsel without prejudice.  As the court previously explained, Ms. Long may renew her request once she is arrested or otherwise appears in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Maureen Long's Motion to Reconsider Defendant's Disentitlement and Motion to Appoint Counsel (Doc. 48) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 16th day of November, 2016, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree
United States District Judge**